945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernesto F. COLON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3199.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1991.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 Ernesto F. Colon, petitioner, appeals from a decision of the Merit Systems Protection Board (board), Docket No. NY08319010483, in which the board affirmed a decision of the Office of Personnel Management (OPM) denying petitioner's application for a civil service disability retirement annuity on the ground that he had not retired from a position covered by the Civil Service Retirement System (CSRS) after completing five years of creditable Federal service, and in which the board affirmed a reconsideration decision of OPM denying petitioner's application and dismissing his case with prejudice. We affirm.
 
 OPINION
 
 2
 The petitioner resides in Puerto Rico. The facts show that he had broken Federal civilian service from September 24, 1979, to November 9, 1979, January 9, 1981, to March 28, 1982, March 29, 1982, to April 27, 1983, and April 28, 1983, to April 10, 1984, for a total of three years, four months and 18 days. This service was covered by the Civil Service Retirement Act and contributions were deducted from his pay. On September 26, 1983, he applied to the OPM for a disability annuity which was denied by OPM because he did not have five years of creditable civilian Federal service as required by 5 U.S.C. § 8333(a) and 8337(a), although his application was medically approved. On November 27, 1983, he worked for the United States Defense Logistics Agency (DLA) until April 10, 1984, when he resigned and withdrew all of the contributions he had made to the CSRS retirement annuity fund. Thereafter, between June 6, 1985, and April 24, 1988, he had a series of intermittent temporary appointments of less than one year with various governmental agencies, none of which was covered by CSRS.
 
 
 3
 Petitioner again sought disability retirement benefits in 1988 and sought to add his service in the excepted temporary appointments to his service in the covered positions prior to April 10, 1984. The OPM denied this application and he appealed to the board. The board affirmed the decision of OPM. Thereafter, petitioner appealed to this court.
 
 
 4
 In order for petitioner to have received a disability retirement annuity, he was required to prove that he had completed at least five years of creditable civilian service and that he was serving in a covered position at the time of the termination of his employment. 5 U.S.C. § 8333(a) and (b). He failed to prove that he met either of these requirements. Accordingly, the OPM and the board were correct in denying his application. We affirm the decision of the board.